[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 27, 1969 in Newtown, Connecticut. They have resided continuously in this state since 1976. There is one minor child issue of the marriage, Derek Ronald Cassese, born December 6, 1975.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
This court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of approximately 21 years. The plaintiff is 45 years of age and in good health. Throughout most of the marriage the plaintiff assumed the role of CT Page 4010 homemaker raising their 2 minor children, one of whom is still a minor. The plaintiff has presently returned to work and is employed on a part-time basis earning approximately $12,000 per year.
The defendant is 44 years of age and also in good health. Although the defendant was out of work in 1989, he has been able to obtain a responsible position with Kayser-Roth Corporation in Greensboro, North Carolina earning approximately $90,000 per year plus bonuses. The defendant also receives a car allowance of $350 per month. The defendant was steadily employed throughout the marriage except as indicated above.
The parties are hopelessly in debt as reflected by their respective financial affidavits and the evidence presented in court. The secured debts alone total $343,000. In addition to the liens on the home, there is a checking overdraft of $10,000 and credit card indebtedness of approximately $12,000. The parties jointly own the marital home in Wilton, Connecticut. It is presently on the market for sale and the parties are hopeful for a sale of $380,000. Both parties lived beyond their means and over their heads.
The defendant had a stock portfolio which had a value of approximately $187,000. As a result of the severe stock market dip in October 1987 the defendant had to liquidate this portfolio to meet the margin calls. The defendant testified he received $12,000 net after the margin calls were paid and that he used these funds for the payment of bills.
No useful purpose would be served by a review of all the evidence presented. Both parties engaged in extra marital affairs. The court does not condone the physical violence of the defendant, however, both parties must accept the responsibility for the break down of the marriage. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the break down of their relationship.
The court has carefully considered the statutory criteria in reaching the decisions reflected in the orders that follow. As counsel for the plaintiff pointed out, the only real asset at this time is the defendant's earning power in a job approximately 31 days old.
Custody and Visitation
1. There shall be joint custody of the minor child with physical possession to the plaintiff. CT Page 4011
2. The defendant shall have liberal and reasonable rights of visitation which shall include:
a) access to the minor child whenever the defendant is in the metropolitan area, provided he gives the plaintiff 24 hours notice,
b) two weeks during the summer vacation;
c) one week between Christmas and New Years;
3. The defendant shall have telephone access to the minor child' at least twice per week.
4. The defendant shall be entitled to such additional visitation as the parties agree on, keeping in mind the wishes of the minor child who will be 15 years of age on December 6, 1990.
5. The defendant shall be responsible for the cost of transportation in connection with the visitation.
Real Estate
The parties are the joint owners of the marital residence located at 123 Ruscoe Road, Wilton, Connecticut. The property is presently on the market for sale. The court has struggled with the issue of the marital home. It would be unfair to have the defendant pay the full amount of the capital gain tax upon the sale of this property. With the present state of the real estate market, the sales price of this property is very uncertain, as well as how long it will take to sell this property.
The following orders shall enter:
1. Title to the marital home shall remain joint. The real estate shall continue on the market for sale and shall be sold as quickly as possible.
2. The plaintiff shall be entitled to exclusive possession of the marital home until it is sold.
3. Upon the sale of the real estate, the following shall be paid:
1) The balance due on the first mortgage, including interest, late charges and attorney's fees if any;
2) the balance due on the second mortgage, including CT Page 4012 interest, late charges and attorney's fees if any;
3) the secured debt of approximately $26,000 including interest, late charges and attorney's fees if any;
4) one-half of the real estate commission. The other one-half will be paid by the defendant's employer (one-half of the real estate commission up to $10,000);
5) conveyance taxes and usual closing costs including attorney's fees;
6) the remaining net proceeds, if any, shall be equally divided between the parties;
7) until such time as the marital home is sold, the defendant shall be responsible for the home owners insurance coverage;
8) until such time as the marital home is sold, the plaintiff shall be responsible for the utilities, telephone, refuse and cable TV;
9) the defendant shall bring the first mortgage and the second mortgage current through October 31, 1990;
10) each party shall be responsible for 50% of the capital gain tax.
Alimony/Support
1. The defendant shall pay to the plaintiff as periodic unallocated alimony and child support the sum of $3,333.33 per month or $40,000 per year to December 31, 1994.
2. Thereafter, commencing January 1, 1995, the defendant shall pay to the plaintiff as periodic alimony the sum of $2,333.33 per month or $28,000 per year to December 31, 2001.
3. By way of further alimony, the defendant shall pay to the plaintiff 25% of his yearly bonus commencing forthwith. Said bonus shall be paid to the plaintiff within 10 days after the defendant receives his bonus.
4. Alimony shall terminate upon the death of the plaintiff or the defendant, the plaintiff's remarriage or cohabitation within the meaning of the statute or on December 31, 2001, whichever event shall first occur.
5. In the event alimony shall terminate as hereinabove CT Page 4013 provided, while the child is still a minor, the parties shall return to the Superior Court to determine an appropriate order for child support.
Medical Benefits
1. The defendant shall provide medical and hospital insurance as is available through his place of employment for the benefit of the minor child. The defendant shall be responsible for any unreimbursed medical expenses incurred by the minor child.
2. The defendant shall provide and maintain COBRA medical benefits as is available through his place of employment for the benefit of the plaintiff, for a period of twelve months, or until': such time as the plaintiff obtains medical coverage through her employment, whichever shall first occur.
Personal Property
1. The defendant shall be entitled to the 1988 boat and shall be solely responsible for the balance due on said boat loan.
2. Upon the sale of the marital residence the defendant shall be entitled to one sofa and one wall unit from the dining room, plaintiff's choice, and the pool table. The parties have agreed on a division of the remaining items of personal property contained in the home.
3. The defendant shall be entitled to the IRS and New York State refund checks.
4. The motor vehicle driven by the daughter Cheryl, shall be transferred by the defendant to the plaintiff.
5. The plaintiff shall be the- sole owner of her 1987 Nissan Motor Vehicle.
Debts
1. The defendant shall pay the balance due on the plaintiff's motor vehicle loan.
2. The defendant shall pay all outstanding medical and pharmaceutical expenses for the plaintiff and the minor child.
3. All of the pendente lite orders of April 2, 1990 shall be brought up to date by the defendant and made current as of the date of this decision. CT Page 4014
4. The defendant shall be responsible for and hold the plaintiff harmless from the checking overdraft and credit card balances. Said payments shall be considered lump sum alimony.
5. The outstanding personal property taxes on the two motor vehicles shall be paid by the defendant.
6. The plaintiff shall be responsible for the following:
a. Cash withdrawals on the credit cards in the amount of $2,500;
b. Village Market bill;
c. her miscellaneous store bills;
d. her accountant fees;
e. the bill of Susan Bloom. The plaintiff shall be entitled to any insurance reimbursement and the defendant shall cooperate with the plaintiff to process this bill through this insurance carrier.
7. Each party shall be responsible for one-half of the Miller Plumbing bill of $250 and the water tank service bill.
8. The defendant shall pay the Precision Auto Repair bill of $219.18.
Life Insurance
The defendant shall provide and maintain a life insurance policy in the amount of $250,000 for the benefit of the plaintiff and the minor child, for so long as the defendant has alimony and/or support obligations. This provision shall be modifiable.
Miscellaneous
The defendant shall be entitled to claim the minor child as a deduction for income tax purposes.
Attorneys' Fees
The defendant shall pay to the plaintiff as a contribution towards her attorney's fees the sum of $3,500 within one year of date.
Agreement CT Page 4015
The parties agreed during the trial and it is so ordered that for the year 1990: (1) the husband shall be entitled to claim Cheryl for tax purposes; (2) the husband shall be entitled to claim all deductions for interest payments and taxes he has paid in 1990; (3) the husband shall claim as a deduction, the $500 per month alimony pendente lite payment made to the wife.
A contingent wage withholding is ordered.
COPPETO, J.